**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO CORONA-ALVAREZ, AKA Paulo Carona, AKA Paulo Corona, AKA Paulo Alores Corona, AKA Jesus Rodriges, AKA Jesse Vargas, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-72891 <br><br> Agency No. A200-976-212 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Pablo Corona-Alvarez, native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision finding him removable and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pretermitting his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Corona-Alvarez does not raise, and has therefore waived, any arguments challenging the agency's determination that his conviction for violating California Health and Safety Code § 11360(a) is a controlled substance violation under 8 U.S.C. § 1182(a)(2)(A)(i)(II). *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in the opening brief are deemed waived). Accordingly, the agency did not err in pretermitting Corona-Alvarez's application for cancellation of removal, where his controlled substance violation made him statutorily ineligible for that relief. *See* 8 U.S.C. § 1229b(b)(1)(C).

We lack jurisdiction to consider Corona-Alvarez's contention regarding the Federal First Offender Act because he failed to exhaust this contention before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 676 (9th Cir. 2004).

Corona-Alvarez's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**